ELLIS, Judge.
Plaintiff, Cecil Caves, Jr., injured his back on February 2, 1963, while in the employ of Billups Western Petroleum Company. He was thereafter treated and paid compensation until November 10, 1963, when he was discharged as able to return to his employment. From that date until the time of trial in September, 1964, he worked regularly but claimed in this suit that economic necessity forced him to work in pain, and that he was consequently entitled to be paid compensation for permanent and total disability. From a judgment dismissing his suit, plaintiff brings this appeal. By way of third party petition, Billups had brought into the case one Rube Sabins, brother-in-law of plaintiff, and his employer from November, 1963, through March, 1964, claiming that plaintiff had re-injured his back on or about January, 1964, while in Sabin’s employ. There is no testimony in the record to substantiate this claim, and the third party demand as against Sabins was properly dismissed by the court below.
After his injury, plaintiff was treated by his family physician, Dr. A. J. Feder, who was engaged in the general practice of *878 medicine in Hammond, Louisiana. Dr. Feder diagnosed his injury as an acute, severe lumbosacral sprain and kept him under treatment, which included two weeks of hospitalization and extensive physiotherapy, until November 10, 1963, when he was discharged as being able to resume his employment. The discharge was, in part, prompted by the result of an examination of Dr. William E. Smith, an orthopedist, made on September 17, 1963, when Dr. Smith was unable to detect any objective evidence of back difficulty. As of the time of the discharge, Dr. Feder was of the opinion that Caves had achieved maximum medical benefit from his treatment, and that he was able to return to his employment.
On the evening of January 9, 1964, plaintiff presented himself to Oakview Medical Center in New Orleans, and was seen by one of the physicians there who gave him treatment for back pain. He was seen several times at Oakview and was referred to Dr. Richard M. Levy, an orthopedist, on January 20, 1964. Dr. Levy was unable to find any evidence of disability at that time
Caves was also examined, but not treated, by Dr. Edward T. Haslam, an orthopedist, on June 18 and December 10, 1963, and April 24, 1964. Dr. Haslam at each examination was able to detect objective symptoms of back difficulty and was of the opinion that plaintiff should not engage in heavy labor. When the work which was done by plaintiff subsequent to November 10, 1963, was described to him, he was of the opinion that the work had probably retarded plaintiff’s recovery.
Caves’ final physical examination was given by Dr. Smith on September 25, 1964, at about the time of the trial of the case, and at that time he was unable to find any evidence of disability.
Plaintiff himself testified that he was in pain at all times while he worked. Mr. Sa-bins testified that Caves said he was in pain while he worked and that he showed it when he picked something up. A private detective who observed Caves at work on one day testified that he performed heavy labor with no apparent difficulty or restriction of motion.
An employee in Louisiana is deemed to be disabled for the purposes of workmen’s compensation when he is unable to perform the duties of his employment without suffering substantial or considerable pain. Such a workman will be considered disabled even though forced by economic necessity to work despite suffering such pain. Robertson v. Great American Indemnity Company, 136 So.2d 550 (La.App. 3 Cir. 1961). The plaintiff in a workmen’s compensation case must prove his case by a preponderance of the evidence.
A review of the testimony in this case reveals that of all the physicians who testified in the case, only Dr. Haslam was able to find any evidence of disability after November 10, 1963. Although it appears from the record that Caves was treated for back pain on January 9, 1964, there is no evidence in the record from the physicians who examined him at that time to relate that episode of pain to the accident herein. It is significant that Dr. Levy’s examination less than two weeks later was negative for objective symptoms. We feel that the above circumstances, when coupled with the fact that Mr. Caves did heavy labor, consisting of driving a truck and loading and unloading drums weighing fifty pounds therefrom for a period of almost a year after his discharge, were sufficient to justify the trial judge in dismissing plaintiff’s suit. We cannot hold that his finding is manifestly erroneous.
The judgment of the trial court is, therefore, affirmed, with all costs of this appeal to be paid by the plaintiff.
Judgment affirmed.