FRUGE, Judge.
This is an action for workmen’s compensation benefits instituted by Louise Mayo against Phoenix Insurance Company, her employer’s insurer. The trial court rendered judgment in favor of plaintiff, and defendant has appealed. Plaintiff answered the appeal requesting an increase in benefits and penalties and attorney fees.
Plaintiff was employed by Wilbert Wilder (d/b/a Pelican Grill) as a cook and dishwasher. Her salary was $30 a week and she worked eight hours a day, six days a week. On March 7, 1969, she was putting away food in the refrigerator when a glass jar fell from a shelf. The jar broke and plaintiff suffered a cut on the front of *583 her right leg about midway between the ankle and the knee. The cut was about one-half to three-quarters of an inch deep (to the shinbone) and approximately one inch long.
The plaintiff was taken to Dr. Milton Thorkelson who sutured the wound with three silk stitches. On March 12, 1969, the doctor removed the stitches from the wound and released the patient. Although Dr. Thorkelson did not expect any complications, he would not say that the plaintiff could work without pain as of that date, which was the last time he treated the patient.
The plaintiff returned to work three days after sustaining the cut. She began to miss work periodically because of the pain in the lower right leg. She went to Dr. Charles Smith on March 31, who found that the cut was infected and that there was some swelling in the back of the leg higher than the infected area. He prescribed home treatment of hot compresses and oral antibiotics.
Plaintiff terminated her employment at the Pelican Grill on April 4, 1969. On April 8, 1969, she saw Dr. Smith again. She complained of considerable pain in the lower right leg, which prompted the doctor to x-ray the leg. The doctor found a fatty cyst on the rear of the leg, which he removed. The patient came back to the doctor’s office on April 15, 1969, and a nurse removed the stitches. The doctor had no notes about how she was feeling on that date. He saw her again on April 22, 1969, and thought that her leg was much improved. He last saw the patient on June 20, 1969, and she was still having problems with multiple small nodes in the right lower leg.
There is no contention that the accident did not occur on the job, and the only issues are whether or not the plaintiff suffered such pain as to disable her under the Louisiana workmen’s compensation law, and, if so, how long did this disability exist?
Defendant contends that an employee is not disabled for workmen’s compensation purposes unless he is unable to perform the duties of his employment without substantial or considerable pain. Defendant relies on Caves v. Billups Western Petroleum Company, 203 So.2d 877 (La.App. 1st Cir.1967), which says at p. 878: “An employee in Louisiana is deemed to be disabled for the purposes of workmen’s compensation when he is unable to perform the duties of his employment without suffering substantial or considerable pain. * * * Robinson v. Great American Indemnity Company, 136 So.2d 550 (La.App. 3d Cir.1961)..”
Although the plaintiff continued to work after suffering the cut, she had her son substitute for her occasionally, and while she was on the job she had to take periodic breaks in order to rest her leg. Her work required her to be on her feet almost constantly. The employer’s wife, as well as the plaintiff and other witnesses, testified that the plaintiff limped while performing her duties. With the clear medical testimony showing that the cut was infected, there was ample basis for finding that the plaintiff suffered substantial pain and was thereby rendered disabled for purposes of workmen’s compensation law.
Defendant further contends that if the plaintiff was disabled, this disability ended as of April 8, 1969. The testimony of Dr. Charles Smith shows that the plaintiff continued to have problems with her leg until after June 20, 1969. However, this was largely due to a fatty cyst which Dr. Smith removed and small nodes that appeared on the back of the leg. Dr. Smith was not sure of the causal connection between the injury and the nodes, but he felt that any complications from the old laceration ended as of April 22, 1969, which was the date the trial court terminated the workmen’s compensation benefits.
Portions of Dr. Smith’s testimony were hazy because he had not taken notes of his *584 treatment of the plaintiff. Since he was the only physician to treat the plaintiff after March 31, 1969, his testimony was virtually all of the medical evidence available. Even so, it substantiated the trial court’s findings concerning the plaintiff’s disability and the termination of that disability which are supported by the evidence, and clearly are not manifestly erroneous.
Therefore, for the foregoing reasons, the judgment of the trial court is affirmed at defendant-appellant’s cost.
Affirmed.